**E-FILED on** 02/09/2011

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| YES TO, LTD., an Israeli corporation, and YES TO, INC., an Illinois corporation, and YES TO, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>URI BEN HUR, a individual, and THE SEVENTH MILLENNIUM, LTD., an Israeli corporation,<br><br>Defendants. | No. C-10-01541 RMW<br><br>ORDER GRANTING IN-PART AND DENYING IN-PART YES TO'S APPLICATION FOR FEES<br><br>**[Re Docket No. 36]** |

On January 7, 2011, the court set aside entry of default against defendants Mr. Ben Hur and The Seventh Millennium, Ltd. Dkt. No. 34. As a condition, the court ordered that plaintiffs be compensated for services that were necessitated solely by defendant's actions in avoiding or ignoring service up to and including the entry of default. Plaintiffs timely filed an application for fees on January 13, 2011. Dkt. No. 36. In that application, plaintiffs assumed that the court "relied on its inherent power to sanction conduct deemed to be in bad faith." Plaintiffs are mistaken. In fact, the court did not find bad faith and conditioned payment based upon the authority of such cases as *Nilsson et al. v. La. Hydrolec*, 854 F.2d 1538, 1546-47 (Fed. Cir. 1988) ("By setting aside the default with conditions, the district court judge in the instant case . . . was protecting the non-

1  defaulting party by not requiring the plaintiff to pay for its costs. . . . [W]e now hold that it is
2  appropriate to condition setting aside a default upon the payment of a sanction.").

3  Plaintiffs appear to include in their request attorney's fees which the court has not authorized
4  and also seek an excessive hourly rate for the type of services rendered.  The fees incurred on July
5  28, 2010 and September 13, 2010 fall within the scope of the court's order.  In addition, some of the
6  charges, including a portion of the charges related to the case management conference, seem
7  justified.  The court estimates that fourteen hours of time, which includes two hours for preparing
8  the fee request, is properly attributed to services for which the court intended reimbursement.

9  Plaintiffs seek $580 per hour, which is an excessive rate for the services rendered.  The court
10 does not question that counsel provides services that warrant $580 per hour in some cases where his
11 expertise and experience are required.  However, drafting a motion to set aside a default and a case
12 management conference statement, as well as attending the conference when the adverse party has
13 not appeared, are tasks that either should be delegated to counsel with a lower billing rate or not
14 charged at a $580 per hour rate.  The court finds, based upon the rate survey attached to plaintiff's
15 moving papers and its knowledge of rates for the type of services rendered, that $350 per hour is
16 reasonable.  Accordingly, the court awards total fees in the amount of $4,900.

20 DATED:    02/09/2011

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

ORDER GRANTING IN-PART AND DENYING IN-PART YES TO'S APPLICATION FOR FEES—No. C-10-01541 RMW
JLR                                          2