**United States District Court**
For the Northern District of California

**E-FILED on** 3/14/2011

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| YES TO, LTD., an Israeli corporation, and YES TO, INC., an Illinois corporation, and YES TO, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>URI BEN HUR, a individual, and THE SEVENTH MILLENNIUM, LTD., an Israeli corporation,<br><br>Defendants. | No. C-10-01541 RMW<br><br><br>ORDER DENYING MOTION TO DISMISS<br><br><br>**[Re Docket No. 40]** |

Defendants Uri Ben Hur ("Ben Hur") and The Seventh Millennium, Ltd. ("7M") move to dismiss the complaint filed by plaintiffs Yes To, Ltd. ("YTL"), Yes To, Inc. (Illinois) ("YTI (IL)"), and Yes To, Inc. (Delaware) ("YTI (DE)") under the doctrine of *forum non conveniens*. For the reasons stated below, the court denies the motion with respect to YTL and YTI (DE). YTI (IL), which is no longer an operating entity, is dismissed from the litigation.

## BACKGROUND

YTL is an Israeli corporation with its principal place of business in the State of Israel. YTL markets organic beauty products and is the exclusive owner of intellectual property rights to the trademarks "Yes to Carrots," "Yes to Tomatoes," "Yes to Cucumbers," and "Yes to Eggplants."

1  YTL is allegedly a wholly-owned subsidiary of YTI (DE), a Delaware corporation having its
2  principal place of business in San Francisco, California. YTI (IL) was an Illinois corporation with
3  its principal place of business in Skokie, Illinois. YTI (IL) is no longer an operating entity, and
4  plaintiffs do not oppose its dismissal from this lawsuit.

5       Ben Hur is a resident of Israel. He founded, owns, and controls 7M, an Israeli corporation
6  with its principal place of business in Israel. 7M manufactures cosmetics based on minerals
7  extracted from the Dead Sea. Ben Hur is the original creator of the "Yes To" line of beauty
8  products, which combined Dead Sea minerals with organic fruit and vegetable extracts. He
9  registered the Yes To trademarks in Israel and initially sold Yes To products on a small scale in
10 Israel.

11      In 2006, Ben Hur entered into a joint venture with Ido Leffler and Lance Kalish, the
12 operators of a successful marketing consultancy business, in order to transform "Yes To" from a
13 small Israeli brand to an international household name. YTL was formed in June 2006 and owned
14 by Ben Hur, Leffler, and Kalish. On October 27, 2006, YTL entered into a Manufacturing and
15 Supply Agreement with 7M. The Manufacturing and Supply Agreement provided that all
16 intellectual property rights, including trademark rights, would remain the exclusive property of YTL,
17 and that the assignment of those rights "shall survive termination of this Agreement under whatever
18 circumstances . . . ." (Compl. Ex. C, Section 6.3.) The agreement also provided it would be
19 governed by the laws of the state of Israel and that the parties would submit all disputes arising
20 under the agreement to the exclusive jurisdiction of the courts in the District of Tel-Aviv, Israel.

21      During 2007 and 2008, YTL grew rapidly and expanded into Australia, Great Britain, the
22 United States, Taiwan, and Hong Kong. The company expanded its product line and raised millions
23 of dollars in equity investments and loans. Plaintiffs allege that during this time, it became clear that
24 Ben Hur and 7M could not meet the company's manufacturing needs, and that Ben Hur and 7M
25 repeatedly placed the company's relationship with retailers at risk by failing to sustain consistent
26 manufacturing operations. As a result of these problems, on April 6, 2009, the company entered in a
27 Business Termination Agreement with Ben Hur and 7M. The Business Termination Agreement
28 provided for the repurchase by the company of two million shares of common stock from Ben Hur

ORDER DENYING MOTION TO DISMISS—No. C-10-01541 RMW
MEC                                                                      2

and for the termination of the business relationship between plaintiffs and defendants in general and of the Manufacturing and Supply Agreement in particular. The agreement further provided, "Any action brought under this Agreement or related to the transactions herein may only be brought in a court of law in the county of San Francisco in the State of California, which will be the exclusive venue for resolution of such action or dispute." (Compl. Ex. A, Section 7.2.)

On April 9, 2010, YTL, YTI (IL), and YTI (DE) filed a complaint seeking injunctive relief and damages for acts of federal trademark infringement and unfair competition under the Lanham Act, common law trademark infringement, California's unfair competition laws, breach of fiduciary duty, breach of contract, tortious interference with contract, and tortious interference with prospective economic advantage. After the summons, complaint, and related documents were served on them, defendants failed to answer within 21 days as required by Fed. R. Civ. P. 12(a)(1). At plaintiffs' request, default was entered by the clerk on September 16, 2010.

Defendants obtained counsel in the United States in October 2010 and sought to set aside defendants' default. Plaintiffs moved for entry of default judgment. The court denied plaintiffs' motion and set aside the default. Defendants now seek to dismiss the complaint on the grounds that this action should be heard in Israel, not in the Northern District of California.

**ARGUMENT**

This action is subject to a forum selection clause freely negotiated between the parties that expressly provides for venue in this judicial district. Such clauses are enforceable. See *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972), *overruled in part on other grounds by Powerex Corp. v. Reliant Energy Services, Inc.*, 551 U.S. 224 (2007). In particular, defendants do not contend the forum selection clause in the Business Termination Agreement was "the product of fraud or overreaching"; that enforcing the clause would effectively deprive defendants of their day in court; or that enforcing the clause would contravene a strong public policy of this forum. See *Richards v. Lloyds of London*, 135 F.3d 1289, 1294 (9th Cir. 1998), *citing M/S Bremen*, 407 U.S. at 12-13. Nor do defendants dispute that the forum selection clause of the Business Termination Agreement is mandatory. Simply put, defendants have identified no basis for challenging the forum

ORDER DENYING MOTION TO DISMISS—No. C-10-01541 RMW
MEC                                3

selection clause in the Business Termination Agreement. In light of those concessions, the Northern District of California is clearly a proper forum for this litigation.

Notwithstanding the validity of the forum selection clause in the Business Termination Agreement, defendants make two different arguments in support of dismissal. First, they argue that there is a competing mandatory forum selection clause in the Manufacturing and Supply Agreement and that forum selection clause mandates jurisdiction in Israel. But the Manufacturing and Supply Agreement was terminated by the Business Termination Agreement. In addition, the majority of plaintiffs' claims appear to be brought under the Business Termination Agreement; in particular, Section 2.5(d) of the agreement concerning trademarks and intellectual property. Defendants ask the court to take judicial notice of plaintiffs' Motion for Entry of Default Judgment, which they contend reveals that plaintiffs' true purpose in the litigation is to recover certain overpayments made under the Manufacturing and Supply Agreement. Yet defendants overlook the fact that the motion for default judgment also sought an injunction barring defendants' use of the Yes To trademarks, and that the portions of the Manufacturing and Supply Agreement related to intellectual property survived termination of that agreement–unlike the agreement's forum selection clause. Moreover, on a Rule 12(b)(6) motion, the court must look at the face of the complaint to determine whether it states a valid claim for relief. While the court can and does take notice of plaintiffs' filing in this case, even if plaintiffs' filing had only sought damages under the Manufacturing and Supply Agreement, plaintiffs' unsuccessful motion for default judgment cannot be read to rewrite plaintiffs' complaint.

Defendants' other argument is that the forum selection clause is merely a factor to be considered in the *forum non conveniens* analysis or is secondary to and separate from the *forum non conveniens* analysis. In *Sinochem Intern. Co. Ltd. v. Malaysia Intern Shipping Corp.*, 549 U.S. 422 (2007), the Supreme Court held that a district court "may dispose of an action by a forum non conveniens dismissal, bypassing questions of subject-matter and personal jurisdiction, when considerations of convenience, fairness, and judicial economy so warrant." *Id.* at 432. In other words, "qhere subject-matter or personal jurisdiction is difficult to determine, and *forum non conveniens* considerations weigh heavily in favor of dismissal, the court properly takes the less

ORDER DENYING MOTION TO DISMISS—No. C-10-01541 RMW
MEC      4

burdensome course." *Id.* at 436.  But there is nothing in *Sinochem* decision, or in any other decision that defendants cite, that suggests that a court may dismiss an action based on a standard *forum non conveniens* analysis when there is a valid forum selection clause specifying the jurisdiction where the litigation was filed.

Defendants cite *Gemini Capital Group, Inc. v. Yap Fishing Corp.*, 150 F.3d 1088 (9th Cir. 1998), for the proposition that a court may exercise its discretion to dismiss despite the presence of a forum selection clause.  But that case involved a the forum selection clause concerning the location of arbitration and "thereby failed to assess accurately Plaintiffs' connection to [the forum]," because "[a] variety of factors may favor arbitration in one city, e.g., a good airport; while, at the same time, choice of law and choice of forum agreements may commend themselves to the parties for reasons that having nothing to do with the kind of disputes that lend themselves to arbitration." *Id.* at 1092. Those concerns are not present in this case.

Defendants also rely on *UNC Lear Services, Inc. v. Kingdom of Saudi Arabia*, 581 F.3d 210 (5th Cir. 2009), for the proposition that the *Piper Aircraft* standard, see *Piper Aircraft v. Reyno*, 454 U.S. 235 (1981), applies to cases involving forum selection clauses.  In that case, the alleged forum selection clause provided that contractors would have the right to appeal to the Board of Grievances in Saudi Arabia.  *Id.* at 219.  After determining that the forum selection clause was permissive but not mandatory, the court analyzed whether it was nonetheless appropriate to dismiss the case on the basis of *forum non conveniens*.  *Id.* at 219-221.  There is nothing in that decision that suggests that the *Piper Aircraft* standard should be applied regardless of any forum selection clause; to the contrary, the decision clearly explains, "Mandatory forum-selection clauses that require all litigation to be conducted in a specified forum are enforceable if their language is clear." *Id.* at 219.

Similarly, *Yavuz v. 61 MM, Ltd.*, 576 F.3d 1166 (10th Cir. 2009), involved a forum selection clause that provided that Switzerland would be the proper forum.  The court did not, as defendants contend, analyze a forum selection clause as one factor in a *forum non conveniens* analysis; rather, it avoided addressing the question of whether the forum selection clause at issue was mandatory or permissive and instead dismissed the case on the adequate alternative ground of *forum non conveniens*.  *Id.* at 1171.  Defendants also improperly cite the unpublished decision in *Seagal v.*

ORDER DENYING MOTION TO DISMISS—No. C-10-01541 RMW
MEC                                                                5

*Vorderwuhlbecke*, 162 Fed. Appx. 746 (9th Cir. 2006), to the court; even if the citation were appropriate, that case also involved a forum selection clause that provided that certain disputes would be settled in Berlin, Germany–not a forum selection clause that set the forum in the jurisdiction where the case was filed. *Id.* at 747-48. This case involves forum selection clause that provides for venue in this judicial district. Defendants entered into a freely-negotiated agreement providing for venue in this judicial district, and defendants have no persuaded the court that it should not apply here.

**ORDER**

Because YTI (IL) is no longer an operative entity, it is dismissed from this lawsuit. In all other respects, the motion to dismiss is denied.

DATED:     3/14/2011

RONALD M. WHYTE
United States District Judge